UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| KEITH VINCENT STOUT,<br>3667 Rusty Leaf Court<br>Waldorf, MD 20602,<br><br>PLAINTIFF<br><br>vs.<br><br>ERIC T. REUSCHLING<br>*Trooper #5766, in his individual capacity*,<br>1060 Cool Spring Dr.<br>Westminster, MD 21157,<br><br>and<br><br>STEVEN B. KOCH,<br>*Sergeant, in his individual capacity*,<br>14371 Calvert St.<br>Solomons, MD 20688,<br><br>DEFENDANTS. | Judge _____<br>Civil Action No. _____<br><br><br>**JURY DEMANDED** |

## COMPLAINT

### THE PARTIES

1. Plaintiff KEITH STOUT resides in Maryland at 3667 Rusty Leaf Court, Waldorf, MD 20602.

2. Defendant Maryland State Trooper Reuschling #5766 was working as a Maryland State Trooper on December 24, 2012 and involved in the arrest and detention of Mr. Stout on that same night and the next day.

3. Defendant Sergeant Steven B. Koch was working at the Leonardstown Barrack on December 25, 2013 where Mr. Stout was brought after his arrest.

## JURISDICTION AND VENUE

4. This action arises under Articles 24 and 26 of the Maryland Declaration of Rights and 42 U.S.C. § 1983.

5. This Court has jurisdiction over the parties and subject matter pursuant to 28 USC § 1331 and § 1367(a).

6. Venue is proper pursuant to 28 USC § 1391. A substantial part of the events or omissions giving rise to this action occurred within the Court's geographical jurisdiction, Plaintiff was located within the jurisdiction at the time the events occurred, and Defendants may be found in this district.

## FACTUAL ALLEGATIONS

7. Keith Stout was driving north on Maryland Route 5 on December 24, 2012, at approximately 11:50 pm, when he was pulled over by Maryland State Trooper Moore #2324.

8. Mr. Stout was coming from a Christmas party in his 1998 Chevy Astro Van. When asked by Trooper Moore, Mr. Stout admitted to the officer that he had been drinking that night. He stated that he had worked in the law enforcement field in the past and he was prepared to be fully cooperative with the officer.

9. Trooper Moore ordered Mr. Stout to get out of his vehicle, which Mr. Stout did. Moore brought Mr. Stout around to the back of his van. Other police officers arrived on the scene, including a St. Mary's County Sheriff officer. After Moore consulted with Maryland State Trooper Eric Reuschling #5766, Moore and Reuschling took control of Mr. Stout, handcuffed him with his hands behind his back, and eventually put him in the back of a marked

police car, where he was driven, un-seatbelted, by Reuschling to Maryland State Police Leonardtown Barrack.

    10. A quiet ride, upon reaching the barrack, Mr. Stout asked Reuschling why he was being taken to the barrack. Reuchsling responded that he would take Mr. Stout where he wanted, and that, "Obama can't help your Black ass now." Mr. Stout is African-American.

    11. Reuschling parked near the back entrance of the barracks and removed Mr. Stout from the back seat. Gripping Mr. Stout by the back of his neck, Reuschling led Mr. Stout towards the back door entrance into the barracks. Mr. Stout did not resist. In the shadow by the door, Mr. Stout saw for the first time a tall man standing – it was Sergeant S. B. Koch.

    12. Once inside the barrack, Reuschling initially turned Mr. Stout to walk into a small dark room. Mr. Stout felt nervous about entering this room and his feet stopped moving forward as they still stood in the hallway. Mr. Stout stated that he did not want to go into that room. Koch said to take him down the hall.

    13. Reuschling next led Mr. Stout to a room further down the hall where he remained with his hands handcuffed behind his back and was told to sit on a bench against the wall. The bench was attached to the floor. The room was not a large room. Mr. Stout sat without resistance. Trooper Reuschling stayed in the room, filling out the paperwork.

    14. Sergeant Koch entered the room. Mr. Stout called out to him and tried to get his attention several times, realizing he was an officer with more authority than officers he had dealt with since he had been arrested. The Sergeant spoke under earshot with Trooper Reuschling. He next turned, looked directly at Mr. Stout so that Mr. Stout could see that his face was red and angry-looking and the look in Sergeant Koch's eyes caused Mr. Stout to think that Sgt. Koch was going to hurt him. He came at Mr. Stout and Mr. Stout rose from the bench, still handcuffed, out

of an innate inclination to protect himself.   In response, Sergeant Koch grabbed Mr. Stout by the back of the shirt and by the neck.

15. Sergeant Koch next immediately threw Mr. Stout, and Mr. Stout fell to the ground, hitting his chest on the bench as he went down. Mr. Stout now lay helpless and handcuffed on the floor.  Reuschling approached his head, Koch remained near his feet. Both officers began punching and kicking Mr. Stout.  In reaction, Mr. Stout wiggled his way under the bench as best he could in order to protect himself from the blows. On information and belief, the beating lasted forty-five (45) seconds.  During this time, Mr. Stout repeatedly called out loudly for help.

16. After some period of time, an unidentified voice (that was not Trooper Reuschling's) yelled at the Sergeant several times to "stop" and that "that was enough."  The beating ended. The officers were laughing. Sergeant Koch, straightening his uniform and looking down at Mr. Stout on the floor, and said "You don't know who you're fucking with, nigger."

17. Mr. Stout lay on the floor, complaining that he couldn't breathe and asking to be taken to the hospital.  Koch said, "Go ahead and take his ass to jail."

18. Instead, he was driven to the St. Mary's County Detention center.  Though he continued to ask for medical attention because he was having trouble breathing, the infirmary would only give him an ibuprofen tablet.  Mr. Stout remained held in the detention center until he saw the Commissioner the morning of December 25, 2013.  He was not released from custody until the following day, when he went immediately to the hospital for medical attention.  Also immediately after his release, Mr. Stout filed a complained with the Maryland State Police regarding the brutal treatment he received while in custody.

19. Mr. Stout was charged with destruction of property for breaking a $40 fan over Sergeant Koch's back as well as assault on Sergeant Koch. Mr. Stout did not commit these alleged acts. He has pled not guilty to these charges and awaits trial.

20. Mr. Stout has experienced serious mental and physical damages from this incident. He continues to receive medical treatment.

## COUNT I:
## VIOLATION OF THE FOURTH AMENDMENT
## (42 U.S.C. § 1983)

21. Plaintiff restates and incorporates each of the preceding paragraphs as if set forth fully herein.

22. Defendants Koch and Reuschling violated the Fourth Amendment and 42 U.S.C. § 1983 when they used excessive force against Mr. Stout.

23. Sgt. Koch violated the Fourth Amendment by attacking Mr. Stout unprovoked while he was handcuffed, allowing him to fall to the floor, and kicking and punching Mr. Stout while he remained handcuffed and helpless on the floor.

24. Trooper Reuschling violated the Fourth Amendment by kicking and punching Mr. Stout while he lay handcuffed and helpless on the floor.

25. Koch and Reuschling both used racial epithets against Mr. Stout.

26. Mr. Stout had a clearly established right to not experience excessive force and have his Fourth Amendment violated by the acts of Sergeant Koch and Trooper Reuschling.

27. Koch's and Reuschling's roles in violating Mr. Stout's Fourth Amendment rights were performed out of ill will or in a manner showing reckless and wanton disregard for Mr. Stout's rights.

28. Defendants' actions caused Mr. Stout to suffer injuries, including damages for which he is entitled to recover in an amount to be determined by trial.

29. Pursuant to 42 U.S.C. § 1988, Mr. Stout is also entitled to his reasonable costs and attorneys' fees.

## COUNT II:
## VIOLATION OF THE DUE PROCESS CLAUSE
## OF THE FOURTEENTH AMENDMENT
## (42 U.S.C. § 1983)

30. Plaintiff restates and incorporates each of the preceding paragraphs as if set forth fully herein.

31. If Mr. Stout's Fourth Amendment rights were not violated because he was already a pretrial detainee at the time that excessive force was used against him, then alternatively his rights under the Fourteenth Amendment were violated.

32. Defendants Koch and Reuschling violated the Fourteenth Amendment when they used excessive force against Mr. Stout.

33. Sgt. Koch violated the Fourteenth Amendment by attacking Mr. Stout unprovoked while he was handcuffed, allowing him to fall to the floor, and kicking and punching Mr. Stout while he remained handcuffed and helpless on the floor.

34. Trooper Reuschling violated the Fourteenth Amendment by kicking and punching Mr. Stout while he lay handcuffed and helpless on the floor.

35. Koch and Reuschling both used racial epithets against Mr. Stout.

36. Mr. Stout had a clearly established right to not experience excessive force and have his Fourteenth Amendment violated by the acts of Sergeant Koch and Trooper Reuschling.

37. Koch's and Reuschling's roles in violating Mr. Stout's Fourteenth Amendment rights were performed out of ill will or in a manner showing reckless and wanton disregard for Mr. Stout's rights.

38. Defendants' actions caused Mr. Stout to suffer injuries, including damages for which he is entitled to recover in an amount to be determined by trial.

39. Pursuant to 42 U.S.C. § 1988, Mr. Stout is also entitled to his reasonable costs and attorneys' fees.

COUNT III:
VIOLATION OF THE EQUAL PROTECTION CLAUSE
OF THE FOURTEENTH AMENDMENT
(42 U. S.C. § 1983)

40. Plaintiff restates and incorporates each of the preceding paragraphs as if set forth fully herein.

41. On the night he was arrested, Mr. Stout was beaten up by Maryland State Troopers. On information and belief, no white citizens – the majority race of the United States of America – who were under the custody of Defendants Reuschling and Koch were beaten up that night.

42. Both Reuschling and Koch made comments towards Plaintiff that indicated they held racist attitudes towards Plaintiff. Defendants' racist dispositions towards Plaintiff were the basis for their unequal treatment of Mr. Stout in beating him.

43. Koch's and Reuschling's roles in violating Mr. Stout's Fourteenth Amendment rights were performed out of ill will or in a manner showing reckless and wanton disregard for Mr. Stout's rights.

44. Defendants' actions caused Mr. Stout to suffer injuries, including damages for which he is entitled to recover in an amount to be determined by trial.

45. Pursuant to 42 U.S.C. § 1988, Mr. Stout is also entitled to his reasonable costs and attorneys' fees.

COUNT IV:
42 U. S. C. § 1981

46. Plaintiff restates and incorporates each of the preceding paragraphs as if set forth fully herein.

47. Defendants denied Plaintiff full and equal protection of laws and proceedings for the security of his person and property as enjoyed by white citizens.  When Defendants beat up Mr. Stout while he was in their custody, Defendants blatantly denied Plaintiff full and equal benefit of the laws protecting his person.

48. As made clear by the racial epithets uttered by both Defendants against Plaintiff while he was in their custody, Defendants' beating of Mr. Stout was motivated by Defendants' racist attitudes toward Mr. Stout.

49. On information and belief, on the night Mr. Stout was arrested, no white citizens who were under the custody of Defendants Reuschling and Koch were beaten up.

50. Koch's and Reuschling's roles in beating up and seriously harming Plaintiff were performed out of ill will or in a manner showing reckless and wanton disregard for Mr. Stout's rights.

51. Defendants' actions caused Mr. Stout to suffer injuries, including damages for which he is entitled to recover in an amount to be determined by trial.

52. Pursuant to 42 U.S.C. § 1988, Mr. Stout is also entitled to his reasonable costs and attorneys' fees.

## COUNT V: MD. DECLARATION OF RIGHTS, ART. 24 AND ART. 26

53. Plaintiff restates and incorporates each of the preceding paragraphs as if set forth fully herein.

54. Defendants Koch and Reuschling violated Articles 24 and 26 of the Maryland Declaration of Rights.

55. Defendants Koch and Reuschling violated Art. 24 and Art. 26 through the use of excessive force against Mr. Stout.

56. Sgt. Koch violated Art. 24 and Art. 26 by attacking Mr. Stout unprovoked, allowing him to fall to the floor handcuffed, and kicking and punching him once he was on the floor. Sgt. Reuchling violated Art. 24 and Art. 26 by also beating up Mr. Stout or by standing right by and doing nothing to Koch from beating him up.

57. Defendants Koch and Reuschling acted with malice.

58. Defendants' actions caused Mr. Stout to suffer injuries, including damages for which he is entitled to recover in an amount to be determined by trial.

## PRAYER FOR RELIEF

59. Compensatory and punitive damages in an amount to be determined at trial;

60. Reasonable attorney's fees, costs, and expenses; and

61. Such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury with the maximum number of jurors for all issues that may be lawfully determined by a jury.

Respectfully Submitted,


/s/ Rachael A.S. Moshman_____
Rachael A. S. Moshman. Esq.
2000 P St., NW
Suite 415
Washington, DC 20036-6922
202-441-1357
Fax:202-331-0567
rachael@rasmlaw.com
*Attorney for Plaintiff*