IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEITH VINCENT STOUT )
)
    **Plaintiff,** )
)
    v. )    Civil Action No. TDC-14-1555
)
ERIC T. REUSCHLING, *et al.* )
)
    **Defendants.** )
)

## ORDER

Upon consideration of Defendants' Motion for Sanctions (and the deadline for Plaintiff's Response in Opposition having elapsed on September 28, 2015), IT IS this 29th day of October, 2015 by the United States District Court for the District of Maryland, **ORDERED**:

1. That Defendants' Motion for Sanctions (ECF No. 27) BE, and the same hereby IS, **TEMPORARILY HELD IN ABEYANCE** for the reasons stated below;

2. That, by way of background, Plaintiff initiated this lawsuit by filing a complaint against Defendants on May 12, 2014. *See* ECF No. 1;

3. That a scheduling order was issued in this case on April 17, 2015. *See* ECF No. 20. A revised scheduling order was issued on April 30, 2015. *See* ECF No. 21. Discovery closed October 1, 2015;

4. That on June 1, 2015 Defendants mailed two sets of discovery requests to Plaintiff. Discovery answers and responses were due July 6, 2015[1]. The answers and responses were not received by that deadline;

---

[1] In their motion Defendants claim Plaintiff's answers and responses were due July 1, 2015. Per Federal Rule of Civil Procedure 6(d), "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) ["A paper is served under this rule by: mailing it to the person's last known address—in

1

5. That when Defendants' counsel inquired about the status of Plaintiff's answers and responses, Plaintiff's counsel advised Defendants' counsel that the materials had been collected, that Plaintiff would provide materials directly to Defendants' counsel and that Plaintiff's counsel were filing permission to withdraw their appearance. *See* ECF No. 27-1 at 1 ¶ 1; ECF No. 27-3 at 2;

6. That Plaintiff's counsel filed an Amended Motion to Withdraw as Attorney on August 5, 2015, *see* ECF No. 24, which Judge Chuang granted the following day, *see* ECF No. 25;

7. That on August 12, 2015 Defendants' counsel mailed via U.S. Certified Mail a letter to Plaintiff, now *pro se*. Defendants' counsel sought Plaintiff's answers and responses to Defendants' discovery requests. The letter was received and signed for by someone at Plaintiff's residence on August 14, 2015. Plaintiff did not respond to the letter. *See* ECF No. 27-1 at 1-2 ¶ 1;

8. That on August 31, 2015 Defendants' counsel mailed via U.S. Certified Mail a second letter to Plaintiff. Once again, Defendants' counsel sought Plaintiff's answers and responses to Defendants' discovery requests. A notice of this letter was delivered to Plaintiff's residence on September 2, 2015 but Plaintiff has not picked up the letter. *See id.* at 2 ¶ 2;

9. That, to date, Plaintiff has not answered (Interrogatories) nor responded (Requests for Production of Documents) to Defendants' discovery requests. Moreover, Plaintiff has not filed any response to Defendants' motion for sanctions;

---

which event service is complete upon mailing"]. . . **3 days are added after** the period would otherwise expire under Rule 6(a)." (Emphasis added). The thirty (30) day period to serve answers under Rule 33(b)(2) and responses under Rule 34(b)(2)(A) expired on July 1, 2015. Three days thereafter was Saturday, July 4, 2015. "[T]he [last day of the] period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed R. Civ. P. 6(a)(1)(C). Plaintiff's answers and responses were therefore due Monday, July 6, 2015.

10. That <u>presently</u> Plaintiff is representing himself in this litigation and is thus *pro se*. In prosecuting his case Plaintiff has an obligation to abide by this Court's scheduling order and to respond to Defendants' discovery requests;

11. That the undersigned hereby **SUSPENDS** the remaining deadline[2] of the April 30, 2015 Revised Scheduling Order (ECF No. 21) until such time as Plaintiff has complied with this Order and the deadline established herein <u>or</u> that deadline elapses without Plaintiff's compliance;

12. That because Plaintiff has failed to answer Defendants' First Set of Interrogatories, Plaintiff has **WAIVED** any objections he could have asserted (minus any objection based on privilege). *See* Fed. R. Civ. P. 33(b)(4) ("Any ground [for objecting] not stated in a timely objection is waived unless the court, for good cause, excuses the failure.");

13. That because Plaintiff has failed to respond to Defendants' First Set of Requests for Production of Documents, Plaintiff has **WAIVED** any objections he could have asserted (minus any objection based on privilege);

14. That the undersigned hereby **ORDERS** Plaintiff to answer Defendants' Interrogatories, respond to Defendants' Requests for Production of Documents and to serve his discovery answers and responses to counsel for Defendants on or before ***Wednesday, November 18, 2015***. The undersigned encourages Plaintiff to review Federal Rules of Civil Procedure 33 and 34 before preparing his discovery answers and responses. For Plaintiff's convenience, the undersigned has enclosed a copy of these rules;

15. That, if Plaintiff fails to answer and respond as ordered in the previous paragraph on or before ***Wednesday, November 18, 2015***, counsel for Defendants shall notify the undersigned by correspondence via the Court's CM/ECF. If such correspondence is received,

---

[2] Dispositive pretrial motions deadline of October 30, 2015.

the undersigned shall recommend to Judge Chuang that he grant Defendants' motion for sanctions by **dismissing** Plaintiff's Complaint **with prejudice**; and

      16.    That a copy of this Order be mailed to *pro se* Plaintiff.

_____/s/_____
WILLIAM CONNELLY
UNITED STATES MAGISTRATE JUDGE