IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KEITH VINCENT STOUT** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ERIC T. REUSCHLING,** *et al.* )<br>)<br>**Defendants.** )<br>) | Civil Action No. TDC-14-1555 |

## REPORT & RECOMMENDATION

On October 29, 2015 the court referred this case to the undersigned for discovery and related scheduling matter. ECF No. 29. That same day the undersigned issued an Order temporarily holding in abeyance Defendants' motion for sanctions, suspending the remaining deadline[1] of the revised scheduling order, and directing Plaintiff to answer Defendants' interrogatories and respond to Defendants' request for production of documents by November 18, 2015. ECF No. 30. As outlined below, despite multiple stays and Plaintiff answering some interrogatories[2] but failing to respond to document requests[3], Defendants' discovery requests remain largely outstanding. On April 1, 2016 Defendants filed a second motion for sanctions. ECF No. 41. Three days later Plaintiff filed a two page response. ECF No. 42.

Having reviewed the filings, no hearing is deemed necessary. *See* Loc. R. 105.6. For the reasons stated herein, the undersigned recommends that, following the time to object to this

---

[1] October 30, 2015 for dispositve pretrial motions. ECF No. 21.
[2] According to Defendants Plaintiff served a signed copy of his interrogatory answers on April 1, 2016. ECF No. 41 at 5.
[3] "There were a handful of attached documents, but many were documents Defendants had provided to Plaintiff in discovery. There was no written response provided to the Request for Production of Documents at all." ECF No. 41 at 4.

1

Report and Recommendation, Defendants' motion for sanctions (ECF No. 27) be FOUND AS MOOT and Defendants' second motion for sanctions (ECF No. 41) be GRANTED.

## BACKGROUND

After the undersigned ordered Plaintiff to serve Defendants with his discovery responses by November 18, 2015, Plaintiff filed correspondence addressed to the court requesting an extension while he sought to retain counsel. ECF No. 31. Defendants filed an opposition to this request for an extension of time. ECF No. 32. On November 9, 2015 the court stayed all deadlines in the case for 30 days. ECF No. 33.

A month later, on December 8, 2015, Plaintiff filed another correspondence addressed to the court, seeking a further extension of time, while the Washington Lawyers Committee reviewed his court documents. Moreover Plaintiff was in the process of providing pertinent information about this case to an investigator in the Civil Rights Division of the Department of Justice. ECF No. 34. Six days later the court issued an Order staying all deadlines in the case for another 30 days. ECF No. 35.

Apparently in response to Plaintiff's correspondence regarding mediation which was filed under seal, *see* ECF No. 36, on January 21, 2016 the court referred the case to Magistrate Judge Day for settlement, *see* ECF No. 37. Six days later counsel for Defendants filed correspondence stating in pertinent part,

> Settlement discussions will be difficult because I still have received no meaningful discovery from Plaintiff. Despite the fact that Defendants have provided extensive discovery to Plaintiff, almost nothing has been received in response. Plaintiff has attempted to provide a response to interrogatories, but this response provides no information and many of the interrogatories are completely unanswered. There has been no response to Defendants['] Request for Production of Documents at all. As the Court is aware, Defendants have filed a Motion for Sanctions regarding these discovery deficiencies. Magistrate Judge Connelly

>has also issued a Court Order mandating that Plaintiff provide discovery, but no such discovery has been provided. That leaves us in the position in which Plaintiff has obtained all the information he has sought about this case while Defendants have received nothing of any substance. This is obviously not an optimal settlement posture for a case, especially a case in which Defendants strongly believe the case has little settlement value.

ECF No. 38 at 1-2 (Letter from Pickus, Esq. to the Honorable Theodore Chuang of 1/27/16).

Two days later the court issued an Order directing Plaintiff to comply with the undersigned's October 29, 2015 Order within 14 days. "Failure to do so will result in the dismissal of his case with prejudice." ECF No. 39 at 2. On February 11, 2016 the Clerk's Office received Plaintiff's discovery responses. The cover letter is addressed to the undersigned and states, "Per your request, I have attached the answers to the interrogatories with the supporting documents. Please advise me if you need further documentation." Letter from Stout to Honorable William Con[ne]lly of 2/11/16. Eight days later the Clerk's Office returned the documents to Plaintiff advising him that "[d]iscovery materials should not be filed unless in support of a motion or by court order." ECF No. 40.

Four days after Defendants filed their second motion for sanctions, Plaintiff filed a two page response.

>Dear Mr. Chuang,
>   I'm writing you this letter to let you know that I'm doing everything that Mr. Pickus recommended. I recently received a letter indicating that we would be able to have a ADR settlement or a meeting between both Parties. I requested to have a mediation between the courts and myself, and Mr. Pickus. I'm just trying to relocate my family to another state, but can't move because I'm waiting for a court date.
>   Mr. Pickus wishes to do a Deposition with me this month. Just waiting for a Date. Hopefully we can bring this case to a close[].
>                     Thank you
>                     Mr. Keith V. Stout

ECF No. 42. That same day Magistrate Judge Day terminated his mediation referral.

## STANDARD FOR MOTION FOR SANCTIONS

Federal Rule of Civil Procedure 37(b)(2)(A) permits a court to impose a range of punitive measures, up to and including dismissal, on a party who fails to obey an order to provide discovery. "While the imposition of sanctions under Rule 37(b) lies within the trial court's discretion, 'it is not . . . a discretion without bounds or limits.'" *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (citation omitted). This is especially the case when a party requests the severe penalty of dismissal. *Id.* A district court therefore should consider four factors in determining what sanctions to impose under Rule 37: "(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (quoting *Anderson v. Foundation for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998)). The United States Court of Appeals for the Fourth Circuit has emphasized the importance of warning a party before dismissing its claim as a discovery sanction. *See Hathcock*, 53 F.3d at 40 (noting "the significance of warning a defendant about the possibility of default before entering such a harsh sanction.").

Interrogatories, document requests, and depositions are important modes of discovery; a defendant would be hard-pressed to conduct its case without them. When a plaintiff refuses to respond to such requests, it can have a debilitating effect on the rest of the litigation. "If a party served with interrogatories fails to answer them on time or at all … such action can have a spiraling effect on the future scheduling of discovery, and inject into the litigation collateral

disputes which typically require the intervention of the court to resolve." *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 653 (D. Md. 1997). Likewise, a failure to respond to a request for production of documents "frequently derails the discovery process, because parties often wait to schedule depositions until after document production has occurred." *Id.* at 655.

## ANALYSIS

On October 29, 2015 the undersigned suspended the remaining deadline of the April 30, 2015 revised scheduling order and directed Plaintiff to answer Defendants' discovery responses by *November 18, 2015*, approximately seven months ago. Thereafter, on two separate occasions, the court stayed all deadlines for 30 days upon Plaintiff's requests. On January 29, 2016 the court ordered Plaintiff to comply with the undersigned's October 29, 2015 Order within 14 days. Although Plaintiff *finally* served discovery responses, the answers to interrogatories were minimally substantive and those answers were not signed. Counsel for Defendants requested, on two separate occasions, for signed answers, which Plaintiff finally provided on April 1, 2016. To date, no documents responsive to Defendants' request for production of documents have been produced.

Considering the four factors outlined in *Belk*, the undersigned finds Plaintiff's non-compliance constitutes bad faith. Despite extensions to permit Plaintiff time to retain new counsel and to assemble documents and information in order to respond to Defendants' discovery requests, Plaintiff never served proper discovery responses (or any responses to the request for production of documents). Discovery closed on October 1, 2015. Plaintiff brought this litigation and should have been prepared to prosecute it. The first element is satisfied.

The second factor under *Belk* is the amount of prejudice that non-compliance caused the adversary. Defendants have unquestionably been prejudiced by Plaintiff's non-compliance since

Defendants do not know what documents Plaintiff possesses in support of his claims. Plaintiff also provided very limited answers to Defendants' interrogatories. Because of the lack of good faith by Plaintiff in responding to Defendants' discovery requests, Defendants lack information about any nonprivileged matter relevant to Plaintiff's claims. Additionally, Defendant Reuschling is experiencing another form of prejudice. "[F]ormer TFC Eric T. Reuschling[] has moved out of State for family reasons, and is unable to find employment as a law enforcement officer because prospective departments do not wish to hire him with this case pending." ECF No. 41 at 8. Plaintiff brought this litigation and should have been prepared to prosecute it. The second element is satisfied.

Plaintiff's conduct is illustrative of the need for deterrence of his non-compliance. Federal Rule of Civil Procedure 1 states in pertinent part, "[the rules of civil procedure] should be construed, administered, and employed by the court and *the parties* to secure the just, *speedy*, and inexpensive determination of every action and proceeding." Emphasis added. Discovery closed October 1, 2015, and eight months later, Defendants' discovery requests remain largely outstanding. Although Plaintiff is *pro se*, Rule 1 applies equally to him. Defendants answered Plaintiff's discovery requests. The court extended deadlines upon Plaintiff's requests on multiple occasions yet Plaintiff failed to fulfill his discovery obligations. Plaintiff brought this litigation and should have been prepared to prosecute it. The third element is satisfied.

Finally, the undersigned does not believe any less drastic sanction would be effective. The undersigned *advised* Plaintiff, if he failed to comply with the October 29, 2015 Order, the undersigned shall recommend the court grant Defendants' motion for sanctions by dismissing Plaintiff's Complaint with prejudice. The court separately *cautioned* Plaintiff that failure to

comply with the undersigned's Order compelling discovery will result in dismissal of his case. These warnings apparently went unheeded. Dismissal is appropriate.

## RECOMMENDATION

1. That the court find as moot Defendants' motion for sanctions (ECF No. 27) which the undersigned held in abeyance on October 29, 2015.

2. That the court grant Defendants' second motion for sanctions (ECF No. 41).

3. That the court dismiss with prejudice the Complaint filed by Plaintiff.

<u>June 21, 2016</u>                              _____/s/_____
                                                        WILLIAM CONNELLY
                                                        UNITED STATES MAGISTRATE JUDGE